UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DOUGLAS and CHERYL DOUGLAS, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-2588-B |
| WELLS FARGO BANK. N.A., VRM (VENDOR RESOURCE MANAGEMENT) DULY AUTHORIZED AGENT FOR THE SECRETARY OF VETERANS AFFAIRS, | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION ORDER

Before the Court is Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. Doc. 13. For the reasons that follow, the Court **DENIES** the motion.

## I.

## BACKGROUND

This cases involves a defaulted mortgage and the ensuing eviction proceedings in state court. Plaintiffs James and Cheryl Douglas obtained a mortgage loan for their home from LHM Financial Corporation (LHM). Doc. 14, Pls.' Br. in Supp., 4. In connection with receiving the loan, the Douglases signed a promissory note indicating that they owed LHM $415,266 and a deed of trust granting a security interest. *Id.* at 4–5. The note and the deed required the Douglases to timely pay their mortgage; default and foreclosure were the consequences of not doing so. Doc. 16, Defs.' Resp., 1–2. The Douglases defaulted, so their home was purchased in May 2017 by Defendant Wells Fargo

Bank N.A. (Wells Fargo) at a foreclosure sale. Doc. 14, Pls.' Br. in Supp., 6. Wells Fargo later conveyed the home to Defendant Secretary of Veterans Affairs (VA). *Id.*

Defendant Vendor Resource Management (VRM), the VA's agent, obtained a forcible-detainer judgment entitling it to possession of the home from the Justice of the Peace Court of Dallas County. *Id.* The Douglases appealed the judgment to the Dallas County Court at Law. *Id.* The eviction trial in that court is scheduled for November 2, 2017. *Id.* The Douglases filed this suit in August 2017 in state court, which granted the Douglases' temporary restraining order preventing their eviction. *Id.* The Defendants removed the case to this Court on September 22, 2017. Doc. 1. On October 27, 2017, the Douglases filed a Motion for a Temporary Restraining Order and Preliminary Injunction, Doc. 13, which is now before the Court and ripe for consideration.

## II.

## LEGAL STANDARD

"Injunctive relief is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). To obtain a preliminary injunction, a plaintiff must show "(1) a substantial likelihood of success on the merits; (2) a substantial threat that it will suffer irreparable injury absent the injunction; (3) that the threatened injury outweighs any harm the injunction might cause the defendants; and (4) that the injunction will not impair the public interest." *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000).

## III.

## ANALYSIS

Before reaching the merits, the Court must first determine whether it has authority to enjoin

the currently pending state proceedings. The Douglases request that this Court preliminarily enjoin their state-court eviction proceeding until after this litigation has concluded. Doc. 14, Pls.' Br. in Supp., 4. The Douglases' request for injunctive relief necessarily implicates the Anti-Injunction Act (AIA), 28 U.S.C. § 2283. The AIA provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This Act "has been interpreted consistently as an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions." *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131–32 (5th Cir. 1990). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297(1970).

The Court denies the Douglases' motion because the AIA prevents the Court from granting the relief sought. The Douglases ask this Court to stay their state-court eviction proceedings while this lawsuit is pending, Doc. 14, Pls.' Br. in Supp., 4, a remedy the AIA clearly precludes this Court from issuing, 28 U.S.C. § 2283. There are exceptions to the AIA that would nevertheless allow the Court to grant the Douglases' request, *Phillips*, 894 F.2d at 131–32, but the Douglases have not alleged the exceptions apply. And both the Fifth Circuit and this Court have found that the AIA precludes enjoining state-court eviction proceedings under similar circumstances. *See Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 415–16 (5th Cir. 2013); *Andrade v. Bank of N.Y. Mellon*, No. 3:14-CV-783-N-BK, 2014 WL 12531168, at *1–2 (N.D. Tex. Mar. 19, 2014).

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Douglases' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. Doc. 13.

**SO ORDERED.**

**SIGNED: November 1, 2017.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE