UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DOUGLAS and CHERYL DOUGLAS, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-2588-B |
| WELLS FARGO BANK. N.A., | § § § | |
| Defendant. | § | |

# MEMORANDUM OPINION ORDER

Before the Court is Plaintiffs' Motion for Reconsideration. Doc. 19. For the reasons that follow, the Court **DENIES** the motion.

## I.

## BACKGROUND[1]

Plaintiffs James and Cheryl Douglas are in the process[2] of being evicted from their home after defaulting on their mortgage. Doc. 19, Mot. for Recons., 1. In May 2017, Defendant Wells Fargo Bank N.A. (Wells Fargo) purchased the Douglases' home at a foreclosure sale. Doc. 14, Pls.' Br. in Supp., 6. Wells Fargo later conveyed the home to former[3] Defendant Secretary of Veterans Affairs

---

[1] The facts are drawn from the parties' briefing for the previously denied temporary restraining order and the Douglases' briefing for this motion for reconsideration. The facts are undisputed unless otherwise indicated.

[2] By now, the Douglases may have already been evicted. *See* Doc 19, Mot. for Recons., 2.

[3] The Douglases have agreed to dismiss with prejudice all claims against former Defendants VRM and VA in conformity with Federal Rule of Civil Procedure 41(a)(2) because the VA has reconveyed the property to Wells Fargo; the VA and VRM are no longer necessary parties. Doc. 22.

(VA). *Id.*

Former Defendant Vendor Resource Management (VRM), the VA's agent, obtained from the Justice of the Peace Court of Dallas County a forcible-detainer judgment entitling VRM to possession of the home. *Id.* The Douglases appealed the judgment to the Dallas County Court at Law. *Id.* The eviction trial in that court was scheduled for November 2017. *Id.* The Douglases filed this suit in August 2017 in state court, which granted the Douglases' temporary restraining order preventing their eviction. *Id.* The Defendants removed the case to this Court on September 22, 2017. Doc. 1. On October 27, 2017, the Douglases moved the Court for a temporary restraining order and preliminary injunction to stop the parallel state-court eviction proceedings. Doc. 13. But the Court denied the Douglases' motion because the Anti-Injunction Act (AIA) prevents federal courts from enjoining state-court proceedings, and because the Douglases did not argue any of the AIA's exceptions applied. Doc. 17, Order, 3. The Douglases filed a motion for reconsideration, arguing that the necessary-in-aid-of-jurisdiction exception to the AIA applies. Doc. 19, Mot. for Recons., 2–3. Their motion is ripe before the Court.[4]

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration, but courts rule on motions for reconsideration under Rules 54(b), 59, and 60. *Menlo Inv. Grp., LLC v. Fought*, No. 3:12-CV-4182-K BF, 2015 WL 547343, at *3 (N.D. Tex. Feb. 5, 2015). A request to reconsider an interlocutory order, such as an order denying a motion for a

---

[4] The Defendants did not respond to the Douglases' motion.

temporary restraining order and preliminary injunction, falls under Rule 54(b). *See Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). So Rule 54(b) applies here.

Under Rule 54(b), the Court may "reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

## III.

## ANALYSIS

The Douglases assert that the Court should enjoin the state court's proceedings in spite of the AIA because they qualify for AIA's necessary-in-aid-of-jurisdiction exception . Doc. 19, Mot. for Recons., 2–3; *see also* 28 U.S.C. § 2283. They argue the necessary-in-aid-of-jurisdiction exception applies to "quasi-in-rem" cases. Doc. 19, Mot. for Recons., 2–3. A qausi-in-rem case, they say, is one that involves the rights of a property located in the Court's jurisdiction. *Id.* at 3 n.1. And they argue this is a qausi-in-rem case because it will determine the parties' rights to the home. *Id.* at 3.

The necessary-in-aid-of-jurisdiction exception applies where a state court proceeding "threatens to dispose of property that forms the basis for federal in rem jurisdiction." *Texas v. United States*, 837 F.2d 184, 186 n.4 (5th Cir. 1988). But the exception only works if the federal court acquired jurisdiction over the res before the state court did. *Mitchum v. Foster*, 407 U.S. 225 (1972) (explaining that the exception allows "a federal court to enjoin a state court proceeding in order to protect its jurisdiction of a res over which it had first acquired jurisdiction.")

The Douglases have not demonstrated that the necessary-in-aid-of-jurisdiction exception applies. They have not presented any authority that supports their position and Court is not aware

of any. And several courts, including the Fifth Circuit, have rejected the Douglases' position under nearly identical circumstances. *See, e.g.*, *Mesa v. Wells Fargo Bank, N.A.*, No. 4:17-CV-532, 2017 WL 3940534, at *1–2 (E.D. Tex. Sept. 8, 2017); *Green v. Bank of Am. N.A.*, No. CIV.A. H-13-1092, 2013 WL 2417916, at *1 (S.D. Tex. June 4, 2013); *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 416 (5th Cir. 2013). In sum, the Court finds no reason to disturb its prior order. *Lavespere*, 910 F.2d at 185.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Douglases' motion for reconsideration. Doc. 19.

**SO ORDERED.**

**SIGNED: January 11, 2018**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE