UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON DOUGLAS and CHERYL DOUGLAS, | § § § § § | |
| Plaintiffs, | | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-2588-B |
| WELLS FARGO BANK, N.A., | § § § § | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wells Fargo Bank, N.A.'s (Wells Fargo) motion to dismiss. Doc. 29. For the reasons that follow, the Court **GRANTS** the motion.

## I.

## BACKGROUND[1]

This is a foreclosure case. In July 2015, Plaintiffs Jason and Cheryl Douglas purchased their home. Doc. 28, Pls.' Second Am. Compl., ¶ 7. In connection with their purchase, the Douglases executed a note for $415,266 and an accompanying deed. *Id.* Wells Fargo holds the note and the deed. *Id.* ¶ 8.

The Douglases set up automatic payments with Wells Fargo in September 2016. *Id.* ¶ 9. Wells Fargo then automatically collected payments from the Douglases' bank account in September and October. *Id.* But the Douglases failed to pay their mortgage after October. *Id.*

---

[1] The Court draws its facts from the Douglases' Second Amended Complaint. Doc. 28.

On January 17, 2017, Wells Fargo informed the Douglases that their payments were past due. *Id.* ¶ 10. The letter stated that the Douglases owed $15,272.55 in past-due payments when in fact they owed $9,163.53. *Id.* On March 3, 2017, Wells Fargo again informed the Douglases that their payments were past due. *Id.* ¶ 11. This time, the letter stated that the Douglases owed $22,735.12 in past-due payments when in fact they owed $15,272.55. *Id.*

After receiving the second letter, the Douglases called a Wells Fargo representative and asked whether they could make a $14,000 payment over the phone. *Id.* ¶ 12. The representative said the $14,000 payment would be automatically drafted from the Douglases' bank account "as part of a repayment plan, or payment to bring the loan current." *Id.*

Then on March 13, 2017, Wells Fargo sent an escrow shortage letter notifying the Douglases that their May 2017 mortgage payment would increase to $3,199.86 and that no action was required. *Id.* ¶ 13. The Douglases thought that their loan was no longer delinquent based on the representative's statement that the $14,000 payment would be automatically withdrawn from their bank account and the escrow shortage letter's indication that no action was required. *Id.* But Wells Fargo did not draft the $14,000 from the Douglases' bank account, and on May 2, 2017, a substitute trustee sold the Douglases' home at a foreclosure sale. *Id.* ¶ 14. The Douglases did not receive notice of the sale. *Id.*

In August 2017, the Douglases filed suit in Texas state court. Wells Fargo removed the case to this Court shortly thereafter. Doc. 1, Notice of Removal. In May 2018, the Court dismissed with prejudice all of the Douglases' claims against Wells Fargo except for their Texas-Debt-Collection-Practices-Act (TDCA) claim under Tex. Fin. Code § 392.304(a)(8), which the Court dismissed without prejudice. *Douglas v. Wells Fargo Bank, N.A.*, No. 3:17-CV-02588-B, 2018 WL 2064388,

at *4 (N.D. Tex. May 2, 2018). The Douglases repleaded the remaining TDCA claim in their second amended complaint and added claims to set aside the foreclosure sale, cancel the trustee's deed, and to quiet title and trespass to try title. Doc. 28, Pls.' Second Am. Compl., ¶¶ 18–41. Wells Fargo then filed a motion to dismiss, Doc. 29, which is ripe for review.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation and quotations omitted).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III.

## ANALYSIS

In their second amended complaint, the Douglases allege that Wells Fargo violated the TDCA, seek to set aside the foreclosure sale, cancel the trustee's deed, and quiet title and trespass

to try title. *See* Doc. 28, Pls.' Second Am. Compl. The Court will address the plausibility of these claims below.

A. TDCA

The Court previously dismissed the Douglases' § 392.304(a)(8) claim without prejudice because the Douglases failed to allege Wells Fargo "led them to think differently with respect to the amount" they owed. *Douglas*, 2018 WL 2064388, at *2 (citing *Miller v. BAC Home Loan Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)). In the Douglases' first amended complaint, the § 392.304(a)(8) claim relied almost exclusively on the January 17, 2017 and March 3, 2017 letters. Doc. 8, Pls.' First Am. Compl., ¶¶ 26–27. In their second amended complaint, the Douglases add that Wells Fargo's oral agreement to draft $14,000 from the Douglases' bank account, combined with the March 13, 2017 letter stating that no action was required, led them to believe that their loan was current. Doc. 28, Pls.' Second Am. Compl., ¶ 12.

Wells Fargo argues its oral agreement to accept the Douglases' $14,000 payment is subject to and unenforceable under the statute of frauds and therefore cannot support the Douglases' TDCA claim. Doc. 29, Def.'s Mot. to Dismiss, 8–9. The Douglases do not address this argument in their response.

The Court agrees with Wells Fargo that its oral agreement to accept $14,000 from the Douglases is unenforceable under the statute of frauds because it modified the terms of the loan agreement. "A loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or

by that party's authorized representative." Tex. Bus. & Com. Code § 26.02(b).[2] The statute of frauds makes oral agreements unenforceable if they modify the terms of such a loan agreement. *Dagher v. Deutsche Bank Nat'l Tr. Co.*, No. 3:13-CV-3575-B, 2016 WL 4138631, at *4 (N.D. Tex. Aug. 4, 2016); *Kruse v. Bank of N.Y. Mellon*, 936 F. Supp. 2d 790, 794 (N.D. Tex. 2013). An oral agreement allowing a borrower "to enter into a loan assistance or repayment plan" modifies the terms of the loan agreement and is unenforceable under the statute of frauds. *Deuley v. Chase Home Fin. LLC*, No. H-05-04253, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 26, 2006). A TDCA claim fails if it is based only on an oral agreement made unenforceable by the statute of frauds. *Kruse*, 936 F. Supp. 2d at 794.

Wells Fargo orally agreed to withdraw $14,000 from the Douglases' bank account "as part of a repayment plan, or payment to bring the loan current." Doc. 28, Pls.' Second Am. Compl., ¶ 12. If construed as a repayment plan, Wells Faro's oral agreement would have modified the terms of the loan because repayment plans do so by definition. *See Deuley*, 2006 WL 1155230, at *2. And if construed as an agreement to bring the loan current, the agreement would have modified the terms of the loan by allowing the Douglases to pay less than what they owed—Wells Fargo agreed to accept $14,000 even though the Douglases alleged they owed over $15,000. Doc. 28, Pls.' Second Am. Compl., ¶ 12. Because Wells Fargo's oral agreement to accept the $14,000 payment is unenforceable under the statute of frauds, the Douglases may not use it as a basis for their TDCA claim. *See Kruse*, 936 F. Supp. 2d at 794. And without the $14,000 oral agreement, nothing in the second amended complaint suggests Wells Fargo led the Douglases to think differently with respect to the amount they owed. So the Court **DISMISSES with prejudice** the Douglases' § 392.304(a)(8) claim.

---

[2] The parties do not dispute that the Douglases' mortgage exceeds the requisite amount and is thus subject to the statute of frauds.

B.  *Suits to Set Aside the Foreclosure Sale and Cancel the Trustee's Deed, Quiet Title, and Trespass to Try Title*[3]

The Douglases also seek to set aside the foreclosure sale, cancel the trustee's deed, and to quiet title and trespass to try title (collectively "foreclosure-sale claims"). Doc. 28, Pls.' Second Am. Compl., ¶¶ 31–41. Because the Douglases' suit to quiet title and trespass to try title relies on the suit to set aside the foreclosure sale, the Court will consider the foreclosure-sale claims together. *Id.*

In their complaint, the Douglases allege that Wells Fargo failed to comply with the deed and the Texas Property Code by failing to give them notice of sale. *Id.* ¶ 36. So they seek to set aside the foreclosure sale. *Id.* ¶¶ 35–36. Wells Fargo's failure to provide notice also gives rise to the Douglases' suit to quiet title and trespass to try title. *Id.* ¶¶ 37–41. Wells Fargo moves to dismiss the foreclosure-sale claims on two separate grounds: (1) the Douglases do not allege that Wells Fargo failed to send notice, and (2) the Douglases did not tender the full amount due. Doc. 29, Def.'s Mot. to Dismiss, 9–12.

1. Notice

Wells Fargo argues that failure to receive notice of sale cannot form the basis of a suit to set aside a foreclosure sale. *Id.* at 10. Rather, the Douglases must plausibly allege that Wells Fargo failed

---

[3] The Douglases' first amended complaint included a claim for wrongful foreclosure and in the alternative a claim to set aside the foreclosure sale and cancel the trustee's deed. Doc. 8, Pls.' First Am. Compl., ¶ 34. But Wells Fargo's motion to dismiss the Douglases' first amended complaint did not address the Douglases' suit to set aside the foreclosure and cancel the trustee's deed. So although the Court granted the Douglases an opportunity to replead only the TDCA claim, *Douglas*, 2018 WL 2064388, at *4, the claims to set aside the foreclosure sale and cancel the trustee's deed remains. The Douglases' first amended complaint also included a suit to quiet title and trespass to try title against the Veteran's Administration (VA), Doc. 8, Pls.' First Am. Compl., ¶¶ 57–61. But because Wells Fargo since took title from the VA, the Douglases plead these claims against Wells Fargo in their second amended complaint. Doc. 31, Pls.' Resp., ¶ 8.

to properly *send* notice. *Id.* Wells Fargo argues that the Douglases' suit to set aside the foreclosure sale must be dismissed because the Douglases never allege that Wells Fargo failed to send notice—only that they didn't receive it. *Id.* Because the suit to quiet title and trespass to try title rely on the failure to provide notice of sale, Wells Fargo contends that these claims must also be dismissed. *Id.* at 11–13. But the Douglases argue that their failure to receive notice is some evidence that Wells Fargo did not properly send notice. Doc. 31, Pls.' Resp. to Mot. to Dismiss, ¶ 49.

The Court agrees with Wells Fargo. Section 51.002 of the Texas Property Code requires lenders to notify homeowners of a foreclosure sale at least twenty-one days before the date of sale by "serving written notice of the sale by certified mail on each debtor who . . . is obligated to pay the debt." Tex. Prop. Code § 51.002(b)(3). "Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." *Id.* § 51.002(e). "There is no requirement that [the borrower] receive the notice"—only that the lender send the notice. *Martins*, 722 F.3d at 256.

The Douglases plead that they did not *receive* notice of the foreclosure sale. Doc. 28, Pls.' Second Am. Compl., ¶¶ 14, 36. But they do not plausibly allege that Wells Fargo failed to properly *send* notice. *Id.* Although the Douglases respond that their failure to receive notice is evidence that Wells Fargo did not properly send notice, their complaint is devoid of any such allegation. Doc. 31, Pls.' Resp. to Mot. to Dismiss, ¶ 49. So the Court finds that the Douglases have failed to state a claim to set aside the foreclosure sale and cancel the trustee's deed. Because the Douglases rely on the failure to provide notice for the alleged invalidity of Wells Fargo's title, the Court finds that the Douglases have failed to state a claim in their suit to quiet title and trespass to try title.

2. <u>Tender</u>

Wells Fargo also argues that the Douglases' foreclosure-sale claims must fail because the Douglases have not tendered the full amount due under the note. Doc. 29, Def.'s Mot. to Dismiss, 10. But the Douglases urge a narrow construction of the cases that Wells Fargo cites. Doc. 31, Pls.' Resp. to Mot. to Dismiss, ¶¶ 43–45. Specifically, the Douglases argue that each case but one involved a rescission of the foreclosure sale—not a suit to set aside the foreclosure sale. *Id*. ¶ 43. And in the case that did not involve a rescission, the lender held possession of the property. *Id*.

The Court agrees with Wells Fargo. "For a foreclosure sale to be set aside or cancelled, the mortgagor must tender the amounts due and owing under the note and deed of trust." *Falk v. Wells Fargo Bank*, No. 3:09-CV-678-B, 2011 WL 3702666, at *7 (N.D. Tex. Aug. 19, 2011). "Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.'" *White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484-G, 2010 WL 4352711, at *5 (N.D. Tex. Nov. 2, 2010) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The Douglases fail to provide any valid support that their suit to set aside the foreclosure sale does not require a tender of the amount due. Doc. 31, Pls.' Resp. to Mot. to Dismiss, ¶¶ 43–45. So the Court finds that Douglases' foreclosure-sale claims also fail because they have not tendered the amount due on the note.

For both of these reasons, the Court **DISMISSES** the Douglases' foreclosure-sale claims **without prejudice**.

**IV.**

**CONCLUSION**

The Court **GRANTS** Wells Fargo's motion to dismiss. The TDCA claim is **DISMISSED**

**with prejudice**. But the foreclosure-sale claims are **DISMISSED without prejudice** and may be repleaded by **August 31, 2018**.

SO ORDERED.

SIGNED: July 24, 2018

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE