# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JASON DOUGLAS and CHERYL DOUGLAS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-2588-B |
| WELLS FARGO BANK, N.A., | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Doc. 37) on Plaintiffs' claims relating to the foreclosure of their home. Because—as outlined below—the Court finds that no genuine issue of material fact exists as to whether foreclosure notice was properly given, the Court **GRANTS** Wells Fargo's Motion for Summary Judgment and **DISMISSES** Plaintiffs's claims.

## I.

## BACKGROUND[1]

This case hinges on whether notice of a pending foreclosure was properly given. In 2015, Plaintiffs Jason Douglas and Cheryl Douglas financed their home purchase with a loan that was later transferred to Wells Fargo. Doc. 34, Third Am. Compl. (TAC), ¶¶ 7–8. Plaintiffs missed some loan payments, but after contacting Wells Fargo, they believed that they had rectified the situation. *Id.*

---

[1] Contested facts are noted as such.

¶¶ 9, 13. Instead, their home was sold at a foreclosure sale on May 2, 2017. *Id.* ¶ 14. Plaintiffs never received notice of the sale. *Id.*

Plaintiffs remain in possession of their home. *Id.* ¶ 24. The state court proceeding—a forcible detainer suit—has been abated pending the outcome of this Court's decision. Doc. 34, Ex. I, State Court Order. Wells Fargo currently holds title to the property. Doc. 49, Br. Resp., ¶ 7.

Plaintiffs originally filed suit in state court. *See* Doc. 1, Notice of Removal. Wells Fargo subsequently removed, and Plaintiffs have amended their complaint three times now in response to this Court's orders and Wells Fargo's various motions to dismiss.[2]

In their Third Amended Complaint, Plaintiffs state three causes of action: (1) a suit to set aside the foreclosure sale and cancel trustee's deed; (2) a suit to quiet title; and (3) trespass to try title. Doc. 34, TAC, ¶¶ 19, 26, 27. Plaintiffs also request an accounting. *Id.* ¶ 30. Plaintiffs have introduced a fourth cause of action—a constitutional due process claim—for the first time in their Response to Wells Fargo's Motion for Summary Judgment. Doc. 49, Resp., ¶ 39. The issues are now fully briefed—Plaintiffs filed a Response ((Docs. 48–50) and Sur-reply (Doc. 59); Wells Fargo filed its Reply (Doc. 53).

All of the claims are based on whether the Notice of Acceleration and Sale was proper. Because—as outlined below—the Court finds that no genuine issue of material fact exists as to whether notice was properly given, the Court **GRANTS** Wells Fargo's Motion for Summary Judgment, and **DISMISSES** Plaintiffs' claims.

---

[2] Altogether quite a bit of ink has been expended: Doc. 5, Mot. to Dismiss; Doc. 8, Am. Compl.; Doc. 12, Mot. to Dismiss; Doc. 27, Order on Mot. to Dismiss; Doc. 28, Second Am. Compl.; Doc. 29, Mot. to Dismiss; Doc. 33, Order on Mot. to Dismiss Second Am. Compl.; Doc. 34, TAC.

## II.

## LEGAL STANDARD

Summary judgment is appropriate where the pleadings and record evidence show no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. Fed R. Civ. P. 56(a); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts preclude a grant of summary judgment, and "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). "A fact is material only if its resolution would affect the outcome of the action, and an issue is genuine only if the evidence is sufficient for a reasonable jury to return a verdict for the nonmovant." *Johnson v. Nationstar Mortgage, LLC*, 2017 WL 1196214, at *2 (S.D. Tex. Mar. 31, 2017) (quoting *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal quotations and alterations omitted).

The movant bears the burden of proving no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). Where the nonmovant bears the burden of proof at trial, the movant need not support its motion with evidence negating the nonmovant's case. Instead, the movant may satisfy its burden by pointing to the absence of evidence to support an essential element of the nonmovant's case. *Id.*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the nonmovant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,'. . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). A non-movant may not

simply rely on the Court to sift through the summary judgment record to find a fact issue, but must instead point to specific evidence in the record and articulate precisely how that evidence supports the challenged claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The non-moving party must show that the evidence is sufficient such that a reasonable jury could return a verdict for the non-movant. *Muñoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). The court will not make credibility determinations, weigh the evidence, or draw inferences, but instead confine its inquiry to facts material under the governing legal standard. *Anderson*, 477 U.S. at 255. In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant. *Matsushita*, 475 U.S. at 587.

## III.

## EVIDENTIARY OBJECTIONS

In support of its Motion, Wells Fargo offers three exhibits: (1) Exhibit A, Declaration of Sammy Hooda; (2) Exhibit A.1, Notice of Acceleration and Sale; and (3) Exhibit A.2, Electronic Return Receipts. Doc. 38, Mot., 2. Plaintiffs object to all three of these exhibits. Meanwhile, Wells Fargo makes no specific objections to Plaintiffs' proffered exhibits, Doc. 53, Reply, 2 n.1, and as these exhibits do not include information that gives rise to any issues of material fact, the Court does not rely on them, *see Nationstar Mortgage, LLC*, 2017 WL 1196214, at *2 (stating that "[a] fact is material only if its resolution would affect the outcome of the action"). As an initial matter, the Court addresses Plaintiffs' objections to Wells Fargo's evidence.

A.     *The Objection to Exhibit A, Declaration of Sammy Hooda, is Overruled*

Wells Fargo's first exhibit is a declaration by Sammy Hooda, a managing attorney at the firm that serves as foreclosure counsel for Wells Fargo. Doc. 39, Hooda Decl. ¶ 2. Specifically, Hooda supervises foreclosure sales and supervises "the mailing of notices of default, notices of intent to accelerate, notices of acceleration, and notices of trustee sales." *Id.* ¶ 3. His declaration is based on his employment with the firm, a review of the firm's business records, and his familiarity with the firm's business, record keeping, and default servicing practices. *Id.*

In short, Wells Fargo seeks to have his declaration admitted under the business records evidentiary exception. *See* Fed. R. Evid. 803(6)(D). Plaintiffs do not address the propriety of admitting this evidence as a business record. *See* Doc. 49, Resp., ¶ 14 (failing to discuss the business records exception); Doc. 59, Sur-reply, ¶¶ 1–8 (same). Instead, Plaintiffs argue only that Rule 602 requires that Hooda must have had personal knowledge of the transmittals, such as "an opportunity to observe, and must have actually observed the fact." Doc. 49, Resp., ¶ 14 (quoting *U.S. v. Cuti*, 720 F.3d 453, 458–59 (2d Cir. 2013) (a case not involving business records)). But this argument has been expressly rejected in this Circuit. *See Bassknight v. Deutsche Bank Nat. Tr. Co.*, 2014 WL 6769085, at *5–6 (N.D. Tex. Dec. 1, 2014) (corporate representative can gain "personal knowledge" that pre-foreclosure notices were sent in accordance with Texas Property Code § 51.002(e) simply by reviewing business records). Therefore, the Court **OVERRULES** Plaintiffs' evidentiary objections as to Hooda's Declaration, and finds Exhibit A, the Declaration of Sammy Hooda, to be admissible.

Hooda states that:

On April 10, 2017, [the firm] sent correspondence to Jason Douglas and Cheryl Douglas ("Plaintiffs") at the Property address by first-class and certified mail, return receipt requested providing notification that, among other things, the maturity date

of the Loan had been accelerated and that the Property had been scheduled for a foreclosure sale on May 2, 2017 ("Notices of Acceleration and Sale").

Doc. 39, Hooda Decl., ¶ 6. This alone is prima facie evidence that notice was sent on April 10, 2017. *See Hutchinson v. Bank of Am., N.A.*, 2013 WL 5657822, at *3 (S.D. Tex. Oct. 16, 2013) (affidavit of bank employee affirming that notice of sale was sent by certified mail was prima facie evidence of proper notice, notwithstanding bank's failure to submit the certified mail return receipt).

B.    *The Objection to Exhibit A.1, Notice of Acceleration and Sale, is Overruled*

Wells Fargo's second exhibit is a copy of the Notices of Acceleration and Sale. Doc. 39, Ex. A.1. In his declaration, Hooda states that these notices were the ones sent to Plaintiffs on April 10, 2017, Doc 39, Hooda Decl., ¶ 7, and the documents themselves bear this date. Doc. 39, App., 7, 10, 13, 16. Plaintiffs raise two objections to this evidence: (1) that the documents are unsigned; and (2) there is no "stamp evidence nor proof that such notice of sale was posted at the courthouse." Doc. 49, Resp., ¶ 15.

Plaintiffs cite no case law that requires that notices of acceleration and sale must be signed, and this Court is unaware of any such requirement. *See* Doc. 49, Resp., ¶ 15; Doc. 59, Sur-reply, ¶ 7. Therefore the Court **OVERRULES** this ground for objection.

Wells Fargo argues that the Court should overlook Plaintiffs' second ground for objection because there are no allegations in the case that Wells Fargo had a duty to post notice at a courthouse. Doc. 53, Reply, 6 n.4. In their Sur-reply, Plaintiffs simply restate their objection without addressing Wells Fargo's Reply. Doc. 59, Sur-reply, ¶ 7. The Court agrees with Wells Fargo that the Plaintiffs have not sufficiently raised this issue, nor does the evidence suggest that this duty existed. As such, the Court finds Exhibit A.1, the Notice of Acceleration and Sale, to be admissible.

C.     *The Objection to Exhibit A.2, Electronic Return Receipts, is Overruled*

Wells Fargo's third exhibit is "copies of the electronic return receipts that enclosed the Notices of Acceleration and Sale." Doc. 39, Hooda Decl., ¶ 7 (describing Exhibit A.2). Both certified return receipts bear a "Return to Sender; Unclaimed; Unable to Forward" notation. Doc. 39, App., 19–20. Both return-address labels are to the same California address. *Id.* Plaintiffs do not object to Exhibit A.2 itself, but object to the inferences that should be drawn from them. *See* Doc. 49, Resp., ¶ 15. First, they argue that the envelopes do not show that Plaintiffs received these notices. The Court agrees with Plaintiffs, and Wells Fargo does not dispute this.

Second, they argue that the receipts do not show that the notices have been deposited in the mail. It is unclear to the Court—and Plaintiffs do not explain—how an envelope could bear a return-to-sender label if it had never been deposited into the mail. But in any case, this point is irrelevant because Hooda's Declaration provides sufficient evidence that the notices were mailed. *See Hutchinson*, 2013 WL 5657822, at *3 (finding that an affidavit alone could provide prima facie evidence that notice was sent, even without evidence of the certified mail return receipt).

Third, Plaintiffs argue that the handwritten note "4-13-17" scrawled on both envelopes could be interpreted as the date of mailing. Doc. 49, Resp. ¶ 16; Doc. 39, App., 19–20. But the Court notices that a date corresponding to April 10, 2017, also appears on the envelopes, printed directly above each address line as part of the post office bar code. Doc. 39, App., 19–20 ("20170410-30"). The Court finds that it is not a "justifiable inference" befitting summary judgment to conclude this handwritten date by an unknown author reflects the mailing date of the notice, in the face of the

evidence from the Hooda Declaration and the April 10, 2017 date printed on the envelopes. *See Anderson*, 477 U.S. at 255.

Finally, Plaintiffs argue that the California return address creates a fact question of whether Hooda—a Texas attorney—had "personal knowledge" of the notices being sent. Doc. 49, Resp., ¶ 17. But this issue goes to the admissibility of his declaration, which this Court has already found to fall within the business records exception because Hooda could have personal knowledge without being the actual sender.[3] As such, the Court finds Exhibit A.2, the Electronic Return Reciepts, to be admissible.

## IV.

## ANALYSIS

A.    *No Genuine Issue of Fact Exists as to Claim One—A Suit to Set Aside the Foreclosure Sale and Cancel Trustee's Deed*

Plaintiffs argue that for a sale under a deed of trust to be valid, the terms of the deed must be strictly followed, and the Texas Property Code must be complied with. TAC, ¶ 20 (citing *Kourosh Hemyari v. Stephens*, 355 S.W.3d 623 (Tex. 2011)); *id.* ¶ 23. They argue that Wells Fargo did not comply with either because it failed to provide the required notice of acceleration and right of reinstatement, and notice of trustee's sale. TAC, ¶ 23. Specifically, they argue that the bank failed to send notice by certified mail. *Id.*

This Court has already recognized that the applicable law—the Texas Property Code—does not require that the borrower receive notice; only that the lender *send* the notice. Doc. 33, Order

---

[3] Nor do the out-of-state return labels show a lack of trustworthiness with respect to Hooda's Declaration. *See* Fed. R. Evid. 803(6)(E).

on Mot. to Dismiss Second Am. Compl., 7 (citing *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013)). "Service of notice under [the Property Code] by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." Tex. Prop. Code § 51.002(e). Hooda's Declaration provides the necessary summary-judgment evidence to show that notice was complete under the Property Code.

Nor does the Deed of Trust impose any additional requirements on Wells Fargo. *See Kourosh Hemyari*, 355 S.W.3d at 627 (noting that the "terms of a deed of trust must be strictly followed," but "that minor defects in an otherwise valid foreclosure sale do not void it"). The Deed of Trust states, in relevant part:

> Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. . . . If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing notice at least 21 days prior to sale as provided by Applicable Law. Lender shall mail a copy of the notice to Borrower in the manner prescribed by Applicable Law.

Doc. 49, Resp. Ex. D, ¶¶ 15, 22. As such, and reviewing the summary-judgment evidence, the Court finds that as a matter of law, Wells Fargo gave proper notice as it sent by certified mail all proper notices to Plaintiffs on April 10, 2017, sufficiently in advance of the foreclosure sale on May 2, 2017.

B.      *No Genuine Issue of Fact Exists as to Claims Two and Three—Suits to Quiet Title and Trespass to Try Title*

In their Third Amended Complaint, Plaintiffs repled their quiet-title and trespass-to-try-title claims.[4] In ruling on Well Fargo's Motion to Dismiss Plaintiffs' Second Amended Complaint, the Court dismissed these claims without prejudice on two grounds. Doc. 33, Order on Mot. to Dismiss Second Am. Compl., 6–8. First, that Plaintiffs failed to allege that Wells Fargo did not send notice. *Id.* Second, that Plaintiffs failed to allege that they tendered the amount due on the loan. *Id.* Plaintiffs now argue that Wells Fargo did not send notice, but argue that tender is not required for recovery because the foreclosure sale was invalid. Doc. 49, Resp., ¶ 56.

Because the Court finds that the evidence shows that notice was given, the foreclosure sale was not invalid due to lack of notice, and the Court need not revisit the issue of whether full tender would be required. And Plaintiffs' briefing does not provide any other grounds on which the foreclosure may have been void or invalid. As such, Plaintiffs claims fail as a matter of law.

C.      *Claim 4—Constitutional Due Process—Is Improperly Raised and Also Fails*

Plaintiffs attempt to raise a constitutional due process claim for the first time in their Response. Doc. 49, Resp., ¶ 39. They rely on a case decided on August 2, 2018, in Rhode Island federal district court, almost one month before they filed their Third Amended Complaint. Doc. 49, Resp., ¶ 39 (citing *Sisti v. FHFA et. al.*, 324 F. Supp. 3d 273 (D.R.I. 2018). Plaintiffs argue that *Sisti*

---

[4] Trespass to try title and suit to quiet title are two different causes of action. "A suit to quiet title relies on the invalidity of the defendant's claim to the property." *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied). It exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Id.* (quoting *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)). In a trespass-to-try-title claim, a plaintiff must prove and recover "on the strength of his or her own title, not the weaknesses of the title of his or her adversary." *Vernon*, 390 S.W.3d at 54. A plaintiff can recover title in a trespass to try title claim by proving "(1) a regular chain of title of conveyances from the sovereign to the plaintiff; (2) a superior title to that of the defendant out of a common source; (3) title by limitations; or (4) prior possession which has not been abandoned." *Id.* at 54–55.

held that Fannie Mae and Freddie Mac are state actors, and therefore the foreclosure practices of similar organizations—like the Department of Veterans Affairs (VA), which played a role in Plaintiffs' loan at issue here[5]—must meet constitutional due process standards. Doc. 49, Resp., ¶ 39.

As a threshold matter, Wells Fargo argues that the Court should refuse to consider a new claim like this raised for the first time in a response to summary judgment. There are two lines of Fifth Circuit precedent at play here. This Circuit has held that "[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990) (holding that the district court properly granted summary judgment when it did not address a party's First Amendment claim that was first raised in response to summary-judgment briefing). But this Circuit has also held that "[g]enerally, a new claim or legal theory raised in response to a dispositive motion should be construed as a request for leave amend the complaint, and the district court should determine whether leave should be granted." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (citing *Stover v. Hattiesburg Pub. Sch. Dist.*, 549, F.3d 985, 989 n.2 (5th Cir. 2008)). Out of an abundance of caution, the Court therefore considers whether leave to amend should be granted. *See Edwards Family P'ship, LP v. BancorpSouth Bank*, 236 F. Supp. 3d 964, 969 (S.D. Miss. 2017) (noting the two lines of precedent and considering whether leave to amend was appropriate), *aff'd sub nom.*, 699 F. App'x 312 (5th Cir. 2017).

---

[5] While the VA's involvement in Plaintiffs' original loan was described in the Third Amended Complaint, Wells Fargo's Response highlights some additional details. *See* Doc. 49, Resp., ¶¶ 22–23.

Normally, a party who wishes to bring additional claims after the deadline for amending pleadings would ask for leave, which should be granted only for good cause. *See* Fed. R. Civ. P. 16(b)(4) (governing amendment of pleadings after the deadline for amendments has expired). If the party "satisfies Rule 16(b)(4)'s requirements, the court must then determine whether to grant leave to amend under Federal Rule of Civil Procedure's 15(a)(2)'s more liberal standard." *Shastry v. U.S. Bank Nat. Ass'n*, 2018 WL 4627132, at *5 (N.D. Tex. July 27, 2018). "But leave to amend is by no means automatic," and two factors that a court may consider under Rule 15(a) are "repeated failures to cure deficiencies by amendments previously allowed" and "futility of the amendment." *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 996 (5th Cir. 2005) (internal quotations omitted).

Plaintiffs have not requested leave to amend. And even if this Court treats their briefing as a request to amend, granting leave would be inappropriate. Plaintiffs have had three opportunities to amend their pleadings, and the Court has already granted leave for Plaintiffs to amend their foreclosure-related claims raised in their Second Amended Complaint. Doc. 33, Order on Mot. to Dismiss Second Am. Compl., 6 n.3. Plaintiffs had ample opportunity to include a due process claim in their pleadings, but never did. Moreover, Plaintiffs have thus far been unable to provide evidence that notice was improperly given, and it is unlikely that they will be able to do so in the future. As such, no leave to amend would be granted.

And even if the Court were to consider the due process claim, to assume that the VA was a government actor, and to consider whether a due process violation occurred, it finds Plaintiffs' argument unpersuasive. Plaintiffs assert that due process was violated for the same lack of notice that is the backbone of its other claims. Doc. 49, Resp., ¶¶ 48; 51. But as discussed, notice was properly given under the Property Code and Deed of Trust. *See Smulley v. FHFA*, 2018 WL 4849667, at *4

(2d Cir. Oct. 5, 2018) (coming to an analogous conclusion after conducting a similar analysis in light of *Sisti*). And to the extent Plaintiffs assert that due process requires anything beyond compliance with the Property Code or Deed of Trust—such as actual receipt of notice—they have neither sufficiently supported nor developed that argument, nor does it seem likely that they would be able to do so in amended pleadings.[6] *See id.* ¶ 53 (the only location the argument appears). In sum, Plaintiffs fail to state a plausible due process claim, much less raise an issue of material fact.

D.    *Since None of Plaintiffs' Claims Survive, An Accounting is Not Appropriate*

An accounting is a remedy, not an independent cause of action. *Johnson v. Wells Fargo Bank, N.A.*, 2014 WL 2593616, at *5 (N.D. Tex. June 9, 2014). Because none of Plaintiffs' claims survive summary judgment, their requests for an accounting are also dismissed. *See Bassknight*, 2014 WL 6769085, at *12 (citing *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012) (request for an accounting necessarily fails when the underlying substantive claims fail)).

## V.

## CONCLUSION

For the reasons stated, the Court **GRANTS** Wells Fargo's Motion for Summary Judgment (Doc. 37). Plaintiffs' claims are hereby **DISMISSED.**

**SO ORDERED.**

**SIGNED: November 6, 2018**.

---

[6] The only support that Plaintiffs provide is a truncated quote from *Senger Creek Dev. LLC v. Fuqua*, 2017 WL 2376529, at *6 (Tex. App.—Houston [1st Dis.] 2017, no pet.), which in full states that "[t]he purpose of notice under Section 51.002 is to provide a minimum level of protection to the debtor, *and actual receipt of the notice is not necessary*." (emphasis added to show omission). In addition, *Senger* raises no constitutional due process issue.

-13-

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE